IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TARA KELLY | : | CIVIL ACTION |
| | : | |
| v. | : | No. 24-2447 |
| | : | |
| REGENCY MANAGEMENT SERVICES, LLC | : : | |

**MEMORANDUM**

**Judge Juan R. Sánchez**                                                                                     **December 11, 2024**

    Pursuant to Title VII, the Pennsylvania Human Relations Act ("PHRA"), and the Philadelphia Fair Practices Ordinance ("PFPO"), Plaintiff Tara Kelly brings this action against her employer, Regency Management Services, LLC ("Regency"), alleging sex discrimination, hostile work environment, retaliation, and failure to promote. Regency moves to dismiss the failure-to-promote claim. Because Kelly has administratively exhausted the claim and pled sufficient facts to state a plausible claim to relief, the Court dismisses the motion.

**BACKGROUND**

    Kelly became the Director of Marketing and Advertising at Regency around 2016 after Regency acquired her former employer. Am. Compl. ¶¶ 19-21. In her Complaint, Kelly alleges that starting around 2021, she began to face sex discrimination and harassment from male employees at Regency, including inappropriate sexual jokes and comments, inappropriate physical contact, and degrading remarks about her and her department. *Id.* ¶¶ 31-63. She claims she was excluded from meetings, unjustly criticized, and blamed for issues outside her control. *Id.* ¶ 64. Kelly also alleges when she reported these incidents, her concerns were dismissed. *Id.* ¶¶ 65-66. As a result of the discriminatory conduct, Kelly took a one-week medical leave of absence in

November 2022. *Id.* ¶ 67. Upon returning from leave, the alleged discriminatory conduct continued, leading Kelly to take another leave of absence beginning in February 2023. *Id.* ¶ 89.

While on leave, on March 14, 2023, Kelly filed a Complaint with the Pennsylvania Human Rights Commission (PHRC)—cross-filed with the Equal Employment Opportunity Commission (EEOC)—alleging Regency subjected her to sex discrimination, a hostile work environment, and retaliation. *Id.* ¶ 16. In that Complaint, Kelly made many of the same allegations she now raises in this lawsuit, but did not explicitly bring a claim for failure to promote. *See generally* ECF No. 5.

Kelly returned from medical leave in September 2023. Am. Compl. ¶ 94. Shortly before her return, she learned that Regency had created a new, senior position in her department—Vice President of Marketing—and had hired a man for the role. *Id.* ¶ 95. She claims she was qualified for the position, but was neither informed about it nor considered for it. *Id.* ¶¶ 95-101. Five months later, the newly-hired Vice President of Marketing left Regency, and Kelly returned to being the Marketing Department's highest-level employee. *Id.* ¶ 105. Regency did not then promote her to the role of Vice President, nor did it discuss the position with her. *Id.* ¶ 106.

On April 1, 2024, the EEOC issued Kelly a right-to-sue letter based on her March 2023 Complaint. *Id.* ¶ 17. Kelly then initiated this lawsuit on June 5, 2024 (later amending her complaint on August 16, 2024) asserting claims under Title VII, the PHRA, and the PFPO for sex discrimination, retaliation, hostile work environment, and failure to promote. Regency now seeks to dismiss the failure-to-promote claim by advancing three arguments: (1) the continuing violation theory does not apply to failure-to-promote claims, (2) Kelly failed to exhaust her administrative remedies as the failure-to-promote was not included in her administrative charge, and (3) the facts alleged do not sufficiently support her claim.

**STANDARD**

To survive a motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pleadings need not contain "detailed factual allegations" to meet this standard, but must offer more than conclusory statements or formulaic recitations of the elements of a cause of action. *Id.* In its review, a court must (1) determine the elements required to plead each claim, (2) identify which allegations are conclusory and need not be accepted as true, and (3) assess whether the remaining, non-conclusory allegations plausibly entitle the plaintiff to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). A claim is plausible where the alleged facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**DISCUSSION**

To bring a claim under Title VII, a plaintiff must first exhaust administrative remedies by filing a charge of discrimination with the EEOC and procuring a right-to-sue notice. *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 163 (3d Cir. 2013). The same is required for claims under the PHRA and PFPO. *Higgins v. MetLife Inc.*, 687 F. Supp. 3d 644, 656 (E.D. Pa. 2023). A plaintiff may bring claims that arose after the original charge of discrimination was filed—without needing to first file another administrative charge—if those claims are "fairly within the scope of [1] the prior EEOC complaint, or [2] the investigation arising therefrom." *Simko v. United States Steel Corp*, 992 F.3d 198, 207 (3d Cir. 2021) (citing *Waiters v. Parsons*, 729 F.2d 233, 237 (3d Cir. 1984)). The same test applies to claims brought under the PHRA and PFPO. *See Hudnell v. Thomas Jefferson Univ. Hosps., Inc.*, 537 F. Supp. 3d 852, 859 (E.D. Pa. 2020). In considering whether a claim reasonably falls within the investigation, courts analyze "(1) whether the claim arises from the same set of facts that support the original charge and (2) whether the claim advances the same

3

theory of discrimination as the original charge." *Simko*, 992 F.3d at 210–11. "[Courts] look for factual similarities or connections between the events described in the claims, the actors involved, and the nature of the employer conduct at issue." *Id.* at 209. A court is to construe the EEOC complaint liberally, *Hicks v. Abt Assocs. Inc.,* 572 F.2d 960, 965 (3d Cir. 1978), and make a case-by-case determination, *Robinson v. Dalton*, 107 F.3d 1018, 1024 (3d Cir. 1997). The inquiry is "highly fact specific." *Simko*, 992 F.3d at 207.

At this stage, the Court finds Regency has not established that Kelly failed to exhaust her administrative remedies for the failure-to-promote claim. In her administrative charge, Kelly listed many ways in which Regency employees dismissed her professional abilities and disrupted her job performance, all rooted in alleged sex discrimination. *See* ECF No. 5. The alleged discrimination included: being undermined in meetings (¶ 14), being excluded from communications and meetings related to her job (¶ 15), receiving unjust criticism about her performance (¶ 11), being blamed for issues outside her control (¶ 16), and being told that her department was a "gong show" (¶ 24). Kelly also described a broader sexist culture that dismissed women's abilities in the workplace, including an incident in which a female vice president was called "retarded" and incapable of doing her job (¶ 25), and another incident in which a Regency employee disparaged a negotiating team by referring to them as a "bunch of women" (¶ 38). Kelly also noted that "[o]ther female employees of [Regency] have complained of sex discrimination and retaliation" (¶ 54) and that of the seven employees who reported to CEO Abdul Ayyad (and were presumably members of Regency's leadership team) only two were women (¶ 5).

Construing the EEOC charge liberally, these facts sufficiently relate to Kelly's current failure-to-promote claim—which also involves being overlooked and dismissed as a woman—such that a reasonable EEOC investigation into Kelly's charge would have addressed the failure

4

to promote. The failure to promote can reasonably be understood as a continuation or extension of the allegedly discriminatory workplace environment, rooted in the same allegedly sexist culture. Defendants argue it would not have been intuitive to investigate the failure to promote because Kelly was the "highest-level Marketing employee," (ECF No. 7 at 4), but Kelly's inability to advance at Regency is relevant even if Kelly was the most senior employee in her department at the time. Moreover, because the EEOC investigation overlapped with the time during which Regency created and filled the Vice President of Marketing position, a reasonable investigation into Kelly's charge would have revealed the goings-on in her department, including that Regency had hired a man for the position. Lastly, Kelly's EEOC charge put Regency on notice that she believed her treatment at work was worse than that of male employees, an allegation which reasonably encompasses and extends to her professional development. At this stage, Regency has not sufficiently established that Kelly failed to exhaust her administrative remedies, although the Court may revisit these arguments at a later time should Regency wish to renew them.

Regency also argues Kelly's claim is not administratively exhausted because the continuing violation theory does not apply to a failure to promote which is a "discrete employment action that starts its own clock to file a charge." *Id.* at 1. Regency is correct that failure to promote is a discrete act that generally, is not actionable under a continuing violation theory and must be separately exhausted by filing a new charge. *O'Connor v. City of Newark*, 440 F.3d 125, 127 (3d Cir. 2006) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002)). However, a plaintiff must file a separate charge for a discrete act only if the act occurred *before* the original charge was filed or *after* the plaintiff received the right-to-sue letter. *See Griggs v. SEPTA*, Civ. No. 14-6226, 2015 WL 4476772, at *4 (E.D. Pa. July 22, 2015) (discussing cases). A separate charge is not required for acts occurring during the pendency of the administrative investigation

5

so long as they are fairly within the scope of the prior administrative complaint or the investigation arising therefrom. *See id.* Kelly filed her EEOC charge on March 14, 2023 and around September 2023, learned she had not been promoted. The EEOC did not issue its right-to-sue letter until April 1, 2024. The discrete failure-to-promote act occurred during the pendency of the EEOC investigation and as such, a new charge was not required.

Lastly, Regency argues Kelly's claim should be dismissed because it fails on the merits. The Court rejects this argument as premature. At the motion to dismiss stage, a plaintiff need not prove a *prima facie* case—which is an evidentiary standard and not a pleading standard—and instead, must only allege sufficient facts to raise a "reasonable expectation that discovery will reveal evidence of the necessary element[s]." *Connelly*, 809 F.3d at 788-89 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The *prima facie* case for failure to promote requires a plaintiff to show: "(i) that [she] belongs to a [protected category]; (ii) that [she] applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite [her] qualifications, [she] was rejected; and (iv) that, after [her] rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications." *Noel v. The Boeing Co.*, 622 F.3d 266, 274 (3d Cir. 2010) (quoting *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994)). Kelly has sufficiently alleged she belongs to a protected category as a woman, she was qualified for the Vice President position, she was rejected for the position, and Regency sought other applicants for the role. While Kelly does not allege she applied for the position, a formal application is not always required. *See Newark Branch, N.A.A.C.P v. Town of Harrison, N.J.*, 907 F.2d 1408, 1415 (3d Cir. 1990) (describing various exceptions); *E.E.O.C. v. Metal Serv. Co.*, 892 F.2d 341, 348 (3d Cir. 1990) (same). Discovery may further develop her claim, and in any event, Kelly is not required to prove her *prima facie* case at this stage.

**CONCLUSION**

Because Kelly has administratively exhausted her failure-to-promote claim and pled sufficient facts to state a plausible claim to relief, the Court will dismiss Regency's motion to dismiss. An appropriate order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.
